IN THE SUPERIOR COURT OF HOUSTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| STACIE MCGUIRE, | ) |
| Plaintiff, | ) CIVIL ACTION NO. 2013-V-109886-L |
| Vs. | ) |
| WAL-MART STORES, INC., | ) |
| Defendant. | ) |

HOUSTON SUPERIOR COURT
ORIGINAL OF THIS PLEADING FILED

DEC 20 2013

BY _Johy Collins_
DEPUTY CLERK

## COMPLAINT FOR DAMAGES

COMES NOW, Stacie McGuire, Plaintiff, in this action, and respectfully shows the following:

1.

The Defendant Wal-Mart Stores, Inc. is a foreign for-profit corporation.

2.

The Defendant Wal-Mart Stores, Inc. at all times relevant for this claim for damages was transacting to do business in the State of Georgia.

3.

Pursuant to O.C.G.A. § 14-2-510(3), Defendant is subject to the jurisdiction of this Court as the tort occurred in Houston County, Georgia and the Defendant has an office and transacts business in Houston County, Georgia.


EXHIBIT A

4.

On or about January 27, 2012, Plaintiff was an invitee within the premises of Wal-Mart Stores, Inc. in Warner Robins, Houston County, Georgia. On January 27, 2012, Plaintiff slipped and fell as a result of there being a liquid slip hazard on the floor within said premises of Wal-Mart Stores, Inc.

5.

At the time of Plaintiff's fall, there were no warning signs or any other warning informing invitees of the hazardous slip condition on the floor.

6.

The substance on the floor was a slip hazard.

7.

Defendant knew or should have known that the hazardous condition existed.

8.

A reasonable inspection by the Defendant would have revealed the dangerous condition. Defendant has a duty of reasonable care in keeping the premises safe for invitees such as the Plaintiff.

9.

Defendant was negligent in failing to properly inspect the area where the fall occurred and failing to remove the hazard from the floor, and failing to discover the hazardous substance prior to Plaintiff's fall, and failing to take adequate measures to protect invitees from hazardous substances on the floor and failing to keep the aisle safe in which the Plaintiff was traveling.

10.

Plaintiff was an invitee at Wal-Mart Stores, Inc. at the time of the fall.

11.

As a direct and proximate result of Defendant's negligence, Plaintiff has endured pain and suffering, both mental and physical, and will continue to endure pain and suffering both mental and physical in the future.

12.

As a direct and proximate result of the negligence of Defendant, Plaintiff sustained serious injuries, and incurred medical, rehabilitative, and other related expenses, and will continue to incur medical, rehabilitative and other related expenses in the future. As a result of Defendant's negligence, Plaintiff has endured pain and suffering. At the presence time, Plaintiff has special damages as follows:

Kinnebrew Orthopedics $691.82;

Middle Georgia Orthopaedic $4,495;

Nexus Pain Center $319;

Open MRI $1,840;

Houston Hospital $3,031.39;

Robins Anesthesia $1,100;

McLeod-Hughes & Associates $540;

Macon Outpatient Surgery $6,984.09;

Ortho Georgia $9,077; and

Mattress Firm $1,817.93.

Total medical expenses to-date $29,896.23

13.

Plaintiff is entitled to recover for the injuries, pain and suffering sustained, and all other elements of damages allowed under Georgia law, including, but not limited to, all compensatory, general, special, consequential, and/or other damages permitted.

14.

Plaintiff is entitled to attorney's fees and expenses of litigation and that the actions on the part of the Defendant as herein and above described show that the Defendant has been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense as to entitle Plaintiff to the expenses of litigation and attorney's fees as set forth pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff Stacie McGuire prays:

A. Summons and copy of this Complaint be served on Defendant;

B. That judgment be granted in favor of Plaintiff and against Defendant for compensatory damages in an amount to be determined by the enlightened conscience of a fair and impartial jury;

C. That judgment be granted in favor of Plaintiff, and against Defendant for past, present and future medical expenses;

D. That judgment be granted in favor of Plaintiff and against Defendant for loss of earnings, past, present and future;

E. That Plaintiff have a trial by jury; and

F. That Plaintiff be granted any and all further relief as is just and proper.

This １５ day of December, 2013

BLAKE J. SMITH
GA State Bar No. 654855
Attorney for Plaintiff

NELSON & SMITH, PC
688 Walnut Street, Suite 103
Macon, Georgia 31201
(478) 746- 1468
(478) 746- 1969 Fax